United States District Court
Southern District of Texas
**ENTERED**
July 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY ODOM, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-03742 |
| | § | |
| vs. | § | |
| | § | |
| OCWEN LOAN | § | |
| SERVICING, LLC, *et al.*, | § | |
| Defendants. | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| TIFFANY ASTON, as | § | |
| trustee for THE POLO | § | |
| MEADOW TRUST | § | |
| Intervenor Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| OCWEN LOAN | § | |
| SERVICING, LLC, *et al.*, | § | |
| Intervenor Defendants | § | |

MEMORANDUM AND ORDER ON REMAND

The motion by Intervenor Plaintiff Tiffany Aston, as Trustee for the Polo Meadow Trust, to remand this action to state court is granted. Dkt 12.

1. Background

This dispute arises from claims of ownership of real property located at 18427 Polo Meadow Drive in Humble, Texas. These competing interests are a purchase money lien asserted by successors to the original holder versus a special warranty deed procured after judicial foreclosure pursuant to an assessment lien. Dkts 1, 2.

Plaintiff Timothy Odom originally filed this action in the 113th District Court of Harris County, Texas in February 2017. Dkt 1-4 at 11. He asserted seven causes of action against Defendants Ocwen Loan Servicing LLC and Mortgage Electronic Registration Systems Inc. These are for declaratory judgment of lack of standing to foreclose, quiet title, violation of section 12.002 of the Texas Civil Practice and Remedies Code, negligence *per se*, gross negligence, fraud, and common law request for an accounting.

Odom filed a "First Supplement" to his petition in May 2019. Dkt 1-4 at 3. By this he added two further causes of action for declaratory relief under the statute of limitations and to quiet title under the statute of limitations.

Polo Meadow Trust filed an original petition in intervention in September 2019. Dkt 1-4 at 119. It asserted three cause of action—declaratory relief for violation of the statute of limitations to foreclose, quiet title, and equitable right of redemption. Odom immediately nonsuited all of his claims without prejudice that same day. Id at 150.

Defendants at that point removed the case to federal court. Dkt 1. Polo Meadow Trust in turn moved to remand. Dkt 12.

2.   Legal Standard

A defendant generally may remove an action from state to federal court by filing a notice of removal within thirty days of receipt of a plaintiff's initial pleading. 28 USC § 1446(b). A district court must remand the case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 USC § 1447(c). The removing party bears the burden of showing that subject-matter jurisdiction exists and that the removal procedure was properly followed. *Manguno v Prudential Property & Casualty Insurance Co,* 276 F3d 720, 723 (5th Cir 2002). Ambiguities as to whether removal jurisdiction is proper must be "construed against removal because the removal statute should be strictly construed in favor of remand." Ibid, citing *Acuna v Brown & Root Inc,* 200 F3d 335, 339 (5th Cir 2000).

The *revival exception* is a judicially created procedural means by which the clock starts anew and permits another thirty days for removal. The Fifth Circuit in *Johnson v Heublein Inc* summarized

2

the exception this way: "The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." 227 F3d 236, 241 (5th Cir 2000). The plaintiff there had filed an amended complaint that started "a virtually new, more complex, and substantial case." Id at 242. The Fifth Circuit recognized it as unfair to prevent a defendant who consented to suit in state court from being forced to remain there when an "entirely new and different cause of action" is filed against him. Ibid, quoting *Cliett v Scott*, 233 F2d 269, 271 (5th Cir 1956).

3.   Analysis

Neither party contests that this case was initially removable on diversity jurisdiction grounds. See Dkt 12 at 4; Dkt 1 at ¶ 6. But Defendants had only thirty days to do so when they received the original complaint in March 2017. That time ran out well before the date they actually did so in September 2019.

Defendants contend that the petition in intervention was "essentially a new lawsuit." Dkt 1 at ¶ 6. They rely on the revival exception to support their late-filed removal. But the courts of this circuit have consistently held that "an amendment does not revive a right to remove when the lawsuit remains essentially the same as earlier pleaded and the amendment does not alter the essential character of the action." *STF No 1001 LP v Wright*, 2012 WL 5384178, *3 (SD Tex) (collecting cases); see also *Air Starter Components, Inc v Molina*, 442 F Supp 2d 374, 382–83 (SD Tex 2006) (also collecting cases). The inquiry is whether "the nature of the suit is substantially transformed by the amendments," for only in those circumstances does the revival exception apply. *STF No 1001*, 2012 WL 5384178 at *3.

Did the petition in intervention *substantially transform* the nature of the suit? No. The facts alleged and the core of the lawsuit remain the same—namely, determination of who owns the property at 18427 Polo Meadow Drive. And the live petition actually simplifies the action. It retains Odom's causes of action for declaratory relief and to quiet title under the statute of limitations, while dropping all others. It adds only a single cause of action in the alternative, for an equitable right of redemption.

This hardly alters the essential character of the action. Even if that cause of action requires marginally different evidence, that is insufficient to invoke the revival exception. See *STF No 1001*, 2012 WL 5384178 at *3.

Defendants rely on *Cliett v Scott*, 233 F2d 269 (5th Cir 1956), as an example of a case where an amended petition produced "an entirely new and different lawsuit." Dkt 13 at 6–7. The original complaint by the plaintiff there was to recover damages relating to jointly owned property. They did not then contest the ownership of that property, and indeed, they premised their claim on a previous court ruling establishing joint ownership. *Cliett*, 233 F2d at 270–71. Plaintiffs changed their position substantially when asserting a claim to sole ownership of the property in an amended complaint filed over ten years later. Ibid. That is readily distinguishable from the situation at hand. Odom and Polo Meadow Trust here did not dramatically reverse their position on a fundamental aspect of the suit. Polo Meadow Trust instead asserted essentially the same claims based on the same facts.

Beyond this, "it is well-settled law in this circuit that adding new parties and asserting new claims does not trigger the revival exception when the amended pleading does not alter the character of the lawsuit." *Mora v Bisso Marine Co, Inc*, 2014 WL 12778845, *10 (SD Tex). Defendants cite no cases applying the revival exception in the context of a petition in intervention. The Court has also searched and found none, but such distinction doesn't appear important to the analysis. The best that Defendants can muster is pairing rejection of *STF No 1001* as not involving an intervening plaintiff with argument that proceedings must begin anew against Polo Meadow Trust regardless of which court adjudicates the case. Polo Meadow Trust is new in the sense of being an additional party, but it is in no way new to the pertinent inquiry—who owns the property?

Defendants as such make no showing that the causes of action or the fundamental nature of the case are "so radically different as to alter the nature of the entire suit." *STF No 1001*, 2012 WL 5384178, *4. The revival exception does not apply. This is particularly so where the controlling standard requires strict

construction of the removal statute in favor of remand. *Manguno,* 276 F3d at 723.

4.   Conclusion

This case is REMANDED to the 113th Judicial District Court of Harris County, Texas.

The Clerk of Court is ORDERED to provide a copy of this order to the District Clerk for Harris County, Texas.

SO ORDERED.

Signed on July 7, 2020 at Houston, Texas.

Hon. Charles Eskridge
United States District Judge